# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES D. YEATER, | |
| Plaintiff, | No. C11-0029-LRR |
| vs. | |
| MARGE WASHBURN, CYNTHIA DENNIS, BOBBI PETERS, IOWA DEPARTMENT OF CORRECTIONS, STATE OF IOWA, | INITIAL REVIEW ORDER |
| Defendants. | |

This matter is before the court on the plaintiff's application to proceed in forma pauperis and a complaint pursuant to 42 U.S.C. § 1983. The clerk's office received those documents on March 8, 2011 and filed them on March 10, 2011. In his application to proceed in forma pauperis which he signed on March 1, 1011, the plaintiff indicated that he would no longer be confined as of March 8, 2011.[1] The court received no other documents from the plaintiff. The plaintiff failed to update the clerk's office regarding his address and failed to inquire as to the status of his case. Because he failed to comply with Local Rule 11, which requires pro se parties to inform the court of any changes in his mailing address and telephone number, and because it appears that he no longer desires to prosecute this action, the plaintiff's action shall be dismissed.

Moreover, a cursory review of the plaintiff's complaint reveals that he wrongly relied on 42 U.S.C. § 1983, rather than 28 U.S.C. § 2254. In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated

---

[1] The Iowa Department of Corrections provides access to information pertaining to offenders at the following address: http://www.doc.state.ia.us/. Information about James Duane Yeater, #0332395, indicates that the end date for his supervision was March 8, 2011.

what constitutes a habeas corpus action as opposed to a 42 U.S.C. § 1983 claim. The plaintiff's label of his action cannot be controlling. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 U.S. at 489-90). If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available. *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *Kruger,* 77 F.3d at 1073. In this action, the plain language of the complaint demonstrates that the plaintiff is challenging the validity of his confinement or the validity of the receipt of a disciplinary report, the revocation of his work release and the loss of good time credit. And, it is clear that the plaintiff is seeking compensation, but a 42 U.S.C. § 1983 cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994). Accordingly, the instant action shall be dismissed.[2]

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 2) is denied without prejudice.

---

[2] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records). This case appears to relate to events that are associated with the proceedings in *State v. Yeater*, Case No. FECR063731 (Linn County Dist. Ct. 2006) and *State v. Yeater*, Case No. FECR080557 (Linn County Dist. Ct. 2008).

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee for the purpose of making a record.

(3) The plaintiff's 42 U.S.C. § 1983 action is dismissed without prejudice.

**DATED** this 23rd day of April, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA